IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WALTER MOORE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-1302 |
| § | |
| LT. JAMES FLYNN, § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Defendant Lt. James Flynn's ("Flynn" or "Defendant") Motion to Dismiss. (Doc. No. 27). Plaintiff Walter Moore ("Moore" or "Plaintiff") responded in opposition (Doc. No. 28) and Defendant replied (Doc. No. 29). Having considered the pleadings and applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### I. Factual Background

This case arises from a traffic stop conducted in Baton Rouge, Louisiana by the Louisiana State Police on May 12, 2021. According to Plaintiff's Amended Complaint, Plaintiff was pulled over by Defendant, a Louisiana State Trooper, ordered out of the vehicle at gunpoint, accused of speeding, and had his driver's license seized. Plaintiff claims that the seizure and retention of his driver's license was a retaliatory act based upon his request to leave the traffic stop and resulted in a violation of his due process rights and tortious interference with his attendance at a Texas court hearing. Plaintiff also pleads violations of his Due Process rights, his rights against unreasonable search and seizure, and a claim for intentional infliction of emotional distress.

Plaintiff originally sued the Louisiana State Police and Flynn. The Louisiana State Police filed a Motion to Dismiss (Doc. No. 23), which this Court granted (Doc. No. 24). In that Order, the Court found that Plaintiff's claims against the Police were barred by the Eleventh Amendment of the United States Constitution and because it had no personal jurisdiction over the Louisiana State Police. (*Id.* at 4). The Court also noted in its Order that no service had been requested against Flynn and another purported defendant in the case and gave Plaintiff 20 days to serve them or the remainder of the case would be dismissed.[1] (*Id.*).

Flynn filed this Motion to Dismiss for insufficient lack of personal jurisdiction, insufficient service of process, and failure to state a claim.[2] (Doc. No. 27). Plaintiff responded in opposition (Doc. No. 28) and Defendant replied (Doc. No. 29).

## II.  Jurisdiction

As discussed in its first Order granting the Louisiana State Police's Motion to Dismiss (Doc. No. 24), personal jurisdiction comes in two forms: general and specific. General jurisdiction has been severely limited since the Supreme Court's opinion in *Daimler AG v. Bauman*, 571 U.S. 117 (2014). General jurisdiction over an individual exists where a defendant "has continuous and systematic general business contacts" with the forum state so that the individual is "at home" in that jurisdiction. *McFadin v. Geber*, 587 F.3d 753, 759 (5th Cir. 2009).

To establish systematic contacts for general jurisdiction, Plaintiff must demonstrate that Flynn is "at home" in Texas. Flynn, however, conducts no business in Texas. His domicile is in

---

[1] Plaintiff's Amended Complaint names "Louisiana State Troopers, Lt. James Flynn, *et al.*" but the Court cannot discern if Plaintiff intended to use "Louisiana State Trooper" as a descriptor of Flynn, or as a new party, or if he intended to name the Louisiana State Police as he did initially. This Court noted this in its Order granting the Louisiana State Police's Motion to Dismiss (Doc. No. 24 at 2, n. 1) and that Flynn nor "Louisiana State Trooper" had been served. Thus, Flynn and "Louisiana State Trooper" are the two remaining purported defendants in this case. The latter was not named or served as per the Court's Order, so he/she is not a party to this case.

[2] The Court will not be addressing Flynn's insufficient service of process and failure to state a claim arguments because it finds that it lacks personal jurisdiction over Flynn.

2

Louisiana. He worked for the Louisiana State Police, which operates in Louisiana. Both his domicile and principal place of business are in Louisiana. Thus, he cannot be, in any sense, at "home" in Texas.

Specific jurisdiction exists when there is an intersection between the controversy and the forum state. There must be a connection between the forum state, the defendant's activities, and the controversy. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S.Ct. 1773 (2017). All of Flynn's relevant activities took place in Louisiana. The controversy occurred in Louisiana and Plaintiff was in Louisiana when the controversy took place. Flynn, as an extension of the Louisiana State Police, has no involvement with Texas at all, and consequently, no specific jurisdiction exists.

Therefore, this Court has no jurisdiction over Flynn, general or specific.

### III. Conclusion

Although Flynn has argued other contentions in his Motion to Dismiss, the Court need not address those. All claims against Flynn are dismissed because this Court has no jurisdiction over him.

For the foregoing reasons, the Court **GRANTS** Flynn's Motion to Dismiss (Doc. Nos. 27). and all claims against him are **DISMISSED** with prejudice. The unnamed "Louisiana State Trooper" has not been named or served and the time for doing so has long since passed. Therefore, this entire case is **DISMISSED** without prejudice.

Signed at Houston, Texas, this 24 day of July, 2023.

Andrew S. Hanen
United States District Judge